**LYNCH CARPENTER, LLP**
Todd D. Carpenter (SBN 234464)
todd@lcllp.com
Scott G. Braden (SBN 305051)
scott@lcllp.com
9171 Towne Centre Dr, Ste 180
San Diego, CA 92122
Tel:   (619) 762-1910
Fax:   (858) 313-1850

**BURSOR & FISHER, P.A.**
Neal J. Deckant (SBN 322946)
ndeckant@bursor.com
Luke Sironski-White (SBN 348441)
lsironski@bursor.com
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel.:   (925) 300-4455
Fax:    (925) 407-2700

*Attorneys for Plaintiff
and Proposed Class Counsel*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.L., individually on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THANG BOTANICALS, INC., and FTLS HOLDINGS LLC, collectively doing business as 7ΩHMZ, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-03191<br><br>**MOTION TO PROCEED UNDER PSEUDONYM** |

**MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff M.L. moves the Court to proceed with his class action complaint under his initials, and to use his initials in all other public-facing identifying documents during the pendency of the case. The basis for the motion is that publicizing Plaintiff's true name will cause him harm.

The nature of the complaint is that Defendants sold a highly addictive and unregulated drug, called kratom, to the unsuspecting public. Kratom is a drug that allegedly acts on the opioid receptors in the brain in a similar manner to morphine, heroin, and oxycodone, leading to many of the same symptoms and withdrawal effects that an opioid addict may experience.

Plaintiff M.L. became deeply addicted to kratom and suffered physical, financial, and psychological harm. As a result, the proceedings will necessarily involve a discussion of M.L.'s history of addiction along with his general medical history. There is no doubt that drug addiction is highly stigmatized in our society, and that M.L. would be subjected to such a stigma if his full name were to become public, leading to harm in his personal and professional life. State courts have approved motions to proceed under a pseudonym in nearly identical cases dealing with a plaintiff's addiction to kratom. *See C.B. v. Martian Sales, Inc.*, No. 37-2023-00007558-CU-FR-CTL, Order to Proceed Under Pseudonym (Mar. 7, 2023). Federal Courts have likewise allowed plaintiffs to engage in litigation anonymously where their addictions to the opioid-like drug, kratom, are discussed. *See C.M. et al v. Martian Sales, Inc.*, 3:23-cv-06202 (N.D. Cal.); *B. D. et al v. MIT45 Inc.*, No. 3:24-cv-00499 (S.D. Cal.).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PLAINTIFF MAY REQUEST ANONYMITY**

Rule 10(a) provides that "the complaint must name all the parties." Fed. R. Civ. P. 10(a). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, a party may proceed under a pseudonym "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity," including when necessary to "'protect a person from harassment, injury, ***ridicule or personal embarrassment***.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000) (emphasis added)

(quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); *see also United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008).

> Federal courts "have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm]; (2) when anonymity is necessary 'to ***preserve privacy in a matter of sensitive and highly personal nature***;' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution … a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'"

*Doe v. Lincoln Unified School Dist.*, 188 Cal.App.4th 758, 767 (2010) (emphasis added) (internal citations omitted).

## II. PLAINTIFF WOULD SUFFER HARM AND EMBARRASSMENT IF HIS FULL NAME WERE USED BECAUSE THE NATURE OF HIS CONDITION IS HIGHLY PERSONAL AND STIGMATIZED

Drug addiction, and especially opiate addiction, has long been demonized in the United States. From the Chinese opium dens in San Francisco, to the depiction of the addict's experience in William S. Burrough's "Junkie," to the decades-long "war on drugs," society has (unfairly) put addicts on its lowest rung. Plaintiff M.L. was addicted to the drug kratom, which operates in part like an opiate, for years, and lost tens of thousands of dollars as a result. A class action complaint is a public filing. This one will no doubt garner interest from the media, given the growth in interest in kratom over the recent years, including a failed attempt by the U.S. Food and Drug Administration and U.S. Drug Enforcement Agency ("DEA") to get the drug scheduled. Should M.L.'s full name be disclosed, he would suffer immense embarrassment and harm, particularly in an age where information is quickly disseminated across the Internet. In short, Plaintiff M.L. wants to avoid a scenario where "Googling" his name immediately brings up this case, and identifies him as having struggled with addiction.

In California, the "judicial use of 'Doe plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the rapidity and ubiquity of disclosures over the [Internet]," particularly in cases where plaintiff would be further stigmatized by disclosing their name in court documents. *Starbucks Corp. v. Superior Court*, 168 Cal. App. 4th 1436, 1452 (2008); *see also, Doe v. City of Los Angeles*, 42 Cal. 4th 531 (2007) (former Boy Scouts sued under pseudonym based on allegations that city police officer sexually assaulted them while they were teenagers); *M.G. v. R.D.*,

1  No. B159974, 2003 WL 21129878, at *3 (Cal. Ct. App. May 16, 2003) (plaintiff was the victim of
2  Defendant's internet campaign to ruin plaintiff's reputation by disseminating private "sex tapes" and
3  sending malicious emails about plaintiff to friends, family, and co-workers).

4       In *Starbucks*, job applicants alleged that Starbucks' inquiry into their more than two-year-old
5  marijuana convictions was a violation of California law. 168 Cal. App. 4th at 1441. The law was an
6  effort by the California legislature to guard against the stigma brought on by a drug conviction. *Id.* at
7  1449. In discussing the law, the Court of Appeal also noted that "[o]ther means involving protective
8  nondisclosure of identity (e.g., identifying a plaintiff by his or her initials or a pseudonym like 'John
9  Doe' or 'Jane Doe') may be used in appropriate circumstances to protect persons convicted of relatively
10 minor marijuana offenses from being further stigmatized." *Id.* at 1452.

11      The California Supreme Court has also weighed in on the stigma that drug users and addicts
12 face. In *People v. Thomas*, the Court was deciding on the standard of proof needed to commit a drug
13 addict to involuntary rehabilitation. 19 Cal. 3d 630, 633 (1977). The Court held that the standard of
14 proof of addiction needed to be beyond a reasonable doubt, reasoning that "[a] person committed as a
15 narcotics addict suffers so severe a curtailment of liberty and *so lingering a moral stigma* that he is
16 entitled to the same standard of proof beyond a reasonable doubt accorded to a criminal defendant."
17 *Id.* at 644 (emphasis added). In fact, the California Court of appeals has noted that one's status as a
18 drug addict is even more stigmatizing than being a gang member. *See People v. Englebrecht*, 88 Cal.
19 App. 4th 1236, 1253 (2001) ("While some social stigma might arise from the finding that Englebrecht
20 is a gang member, *it is not the same order of stigma arising from a criminal verdict or a finding that*
21 *one is ... a narcotics addict*.") (emphasis added).

22      The Ninth Circuit has permitted parties to proceed anonymously in civil lawsuits and petitions
23 when "anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'"
24 *Does I thru XXII*, 214 F.3d at 1068 (internal quotation omitted). In addition, the Ninth Circuit allows
25 parties to use pseudonyms "when nondisclosure of the party's identity is necessary ... to protect a person
26 from harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d at 922
27 n.1; *see also Advanced Textile*, 214 F.3d at 1068-69. Federal district courts have "considered 'social
28 stigmatization' among the 'most compelling reasons' for permitting anonymity." *Jane Roes 1-2 v.*

*SFBSC Management, LLC*, 77 F.Supp.3d 990, 994 (N.D. Cal. 2015) (citing *Advanced Textile*, 214 F.3d at 1067–68.).

In *Advanced Textile*, the court held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." 214 F.3d at 1068. The court must determine the "precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* The court must finally decide whether the public's interest in the case would be best served by requiring that the litigant reveal his or her identity. *Id*. With regard to the last point, the Ninth Circuit has adopted the Fifth Circuit's view that "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Id.* at 1068-69 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

Here, there can be no doubt that Plaintiff M.L. would face intense stigma from the public at large and potential backlash from the kratom industry if his full name was disclosed in the proceedings. As discussed above, California courts and the California legislature have recognized that drug use and addiction confer a heavy moral stigma onto the user. Such a stigma can be avoided if Plaintiff were allowed to proceed under his initials. Further, Plaintiff is at risk of retaliation should he disclose his name. The kratom industry in the United States is enormous, and Defendants are one of the largest sellers in the country. Public opposition to proposed DEA regulation to kratom in 2016 was fierce, with over 20,000 comments on the www.regulation.gov website, and this case is highly likely to bring the regulation discussion back into the spotlight. The purpose of this class action is to vindicate consumer rights across the country, but the threat of stigma and industry retaliation may prevent representative plaintiffs from stepping forward on behalf of the public. Such a result would run counter to the public interest in ensuring that businesses conduct themselves ethically and legally, an interest which far exceeds the limited benefit conferred in knowing a single class action plaintiff's name. <u>If this motion is denied, Plaintiff requests that the Court terminate this matter and not submit his full name publicly on the record.</u>

Dated: April 10, 2025

**LYNCH CARPENTER, LLP**

By: */s/ Todd D. Carpenter*
Todd D. Carpenter (SBN 234464)
todd@lcllp.com

Scott G. Braden (SBN 305051)
scott@lcllp.com
9171 Towne Centre Dr, Ste 180
San Diego, CA 92122
Tel:   (619) 762-1910
Fax:   (858) 313-1850

**BURSOR & FISHER, P.A.**
Neal J. Deckant (SBN 322946)
ndeckant@bursor.com
Luke Sironski-White (SBN 348441)
lsironski@bursor.com
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel.:  (925) 300-4455
Fax:   (925) 407-2700

*Attorneys for Plaintiff
and Proposed Class Counsel*